IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES ROBERT ROWSEY                                PLAINTIFF

v.                                 No. 4:04CV375-D-B

COMMISSIONER CHRISTOPHER EPPS, ET AL.              DEFENDANTS

**MEMORANDUM OPINION**

      This matter comes before the court on the *pro se* complaint of James Robert Rowsey, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The plaintiff was convicted of homicide in 1996 in Panola County, Mississippi. He alleges that he saw a memo in his institutional file setting forth former Mississippi Governor Ronnie Musgrove wish "that [the plaintiff] was to be[] working at the Governor's Mansion." Thus, the plaintiff argues that he should be working at the Governor's Mansion. Further, the plaintiff argues that had he been housed and working at the Governor's Mansion at the end of Governor Musgrove's tenure, he would have received a pardon or a commuted sentence. The plaintiff sets forth no facts to support this belief. For the reasons set forth below, these claims shall be dismissed for failure to state a claim upon which relief could be granted.

**The Plaintiff's Classification and Housing Assignment**

      Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations

omitted); *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff believes that he saw a memorandum in his institutional file indicating that Ronnie Musgrove, the former Governor of Mississippi, wanted the plaintiff to work in the governor's mansion. The plaintiff knows neither the author of the document, nor it primary purpose. Even if the plaintiff could produce such a document, it would not state a claim upon which relief could be granted, as he has no liberty interest in a particular housing assignment. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). For these reasons, the plaintiff's first claim must fail.

The plaintiff's claim regarding Governor Musgrove's failure to pardon the plaintiff or commute his sentence must also fail, as the allegation is pure conjecture and is thus insufficient to state a claim under 42 U.S.C. § 1983. *Young v. Biggers*, 938 F2d 565 (Miss. 1991). In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of June, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE